UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

VIOLETA GILES,

     Plaintiff,

v.                             Case No: 8:22-cv-2451-KKM-AAS

TRANSAMERICA LIFE INSURANCE CO.,

     Defendant.

_____

## ORDER

Defendant Transamerica Life Insurance Company moves to dismiss for failure to state a claim both counts of Plaintiff Violeta Giles's complaint. (Doc. 5.) Transamerica attaches four exhibits to its motion, arguing that Count I fails to state a breach of contract claim because Giles failed to make timely premium payments, causing her husband's policy to lapse. (*Id.* at 4–5.) Transamerica argues that Count II fails to state an unjust enrichment claim because Transamerica has not directly benefitted from retained premiums. (*Id.* at 6.) Giles opposes the motion, questioning the authenticity and relevance of Transamerica's attached exhibits and disputing that she failed to timely pay premiums. (Doc. 11.) Because Counts I and II plausibly state claims for which relief can be granted, the motion to dismiss is denied.

## I.   BACKGROUND

Mrs. Giles[1] alleges that she and her husband, Henry W. Giles, purchased a life insurance policy from Western Reserve Life Assurance Company of Ohio in 1997. (Doc. 1-1 ¶ 5.) She also alleges that they paid the premiums regularly for over two decades until Mr. Giles's death in 2021. (*Id.* ¶¶ 8, 9.) In the intervening years, Transamerica purchased Western Reserve Life Assurance Company, including the Giles's policy. (*Id.* ¶ 7.) Mrs. Giles notified Transamerica of Mr. Giles's death in February 2021, but Transamerica has refused to tender the policy limit. (*Id.* ¶ 9–11.)

As a result of Transamerica's refusal to pay, Mrs. Giles brings two causes of action: (1) breach of contract for failing to pay the life coverage for Mr. Giles and, in the alternative, (2) unjust enrichment for failing to return premiums paid on behalf of Mr. Giles. (Doc. 1-1 ¶¶ 15, 22.) Transamerica moves to dismiss both counts.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." This pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678

---

[1] Because the coverage of Violeta Giles's husband Henry W. Giles, Sr., is at issue in this action and these parties share a last name, the Court refers to Plaintiff as Mrs. Giles and her husband, the alleged insured, as Mr. Giles.

(2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 555, 570 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Bell Atl. Corp.*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atl. Corp.*, 550 U.S. at 557).

To survive a motion to dismiss for failure to state a claim, a plaintiff must plead sufficient facts to state a claim that is "plausible on its face." *Id.* (quoting *Bell Atl. Corp.*, 550 U.S. at 570). A claim is plausible on its face when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* When considering the motion, the court accepts all factual allegations of the complaint as true and construes them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). Courts should limit their "consideration to the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed." *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004). Generally, "[c]onsideration of matters beyond the complaint is improper in the context of a motion to dismiss but proper in the context of a motion for summary judgment." *Milburn v. United States*, 734 F.2d 762, 765 (11th Cir. 1984) (citing Federal Rule of Civil Procedure 12(d)). The Court may consider evidence outside of the pleadings without converting the motion to a motion for summary

judgment only if the exhibits are "(1) central to the plaintiff's claim; and (2) undisputed." *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002).

## III.   ANALYSIS

Transamerica argues that Mrs. Giles fails to state a claim for relief in either count. As to Count I, Transamerica argues that there is no valid contract for Mr. Giles's life insurance because Mrs. Giles lapsed in making payments on the policy in 2009. (Doc. 5 at 4.) Transamerica contends that, even after Mrs. Giles paid to reinstate the policy for herself, Transamerica declined to reinstate the policy for Mr. Giles due to his medical history. (*Id.* at 5.) As to Count II, Transamerica argues that it did not unjustly retain policy premiums for its own benefit. (*Id.* at 6.) Instead, Transamerica argues it has held the money paid above the cost of insuring Mrs. Giles "solely for the owner's benefit." (*Id.* at 6–7.) In response, Mrs. Giles denies that she lapsed in paying premiums and denies that she received a letter notifying her of a lapse or termination of Mr. Giles's policy. (Doc. 11 at 3.) These arguments require evaluation of disputed evidence beyond the complaint and thus are inappropriate for resolution by a motion to dismiss.

### A. Breach of Contract

To plausibly allege a breach of contract, Mrs. Giles must allege facts to support the following: "(1) the existence of a contract, (2) a material breach of that contract; and (3) damages resulting from the breach." *Vega v. T-Mobile USA, In*c., 564 F.3d 1256, 1272

(11th Cir. 2009). To allege the existence of a contract, Mrs. Giles must allege "sufficient specification of the essential terms." *Id.* Mrs. Giles does that. She alleges that "Defendant issued a life insurance policy on the life of Henry W. Giles Sr., in the amount of $400,000." (Doc. 1-1 ¶ 14.) Mrs. Giles attaches the policy as an exhibit to her complaint, showing the essential terms of the contract. (*See id.* at 6.) Those terms include Henry W. Giles, Sr., as an "other insured rider" in the amount of $400,000 and that the insurance company "WILL PAY the Death Benefit Proceeds to the Beneficiary upon receipt of due proof of . . . death." (*Id.* at 6, 9.) Mrs. Giles also alleges that "the Defendant has refused to tender the $400,000 policy limit owed under the insurance policy" and "Defendant has breached the contract by failing to pay the life coverage provided on the life of Henry W. Giles, Sr." (*Id.* ¶¶ 11, 15.) Finally, she alleges damages resulting from the breach, namely the $400,000 premium under the policy and "all contractual benefits." (*Id.* ¶¶ 11, 19.)

These allegations, which the Court must accept as true at this stage, plausibly allege both the existence and breach of a contract under Florida law. None of Transamerica's arguments dispute that Giles has facially stated a claim for breach of contract. Instead, Transamerica argues that certain elements are not met because it disputes the underlying facts of the case.

Transamerica attaches four exhibits to its motion to dismiss and asserts that they are "central to the plaintiff's claim." (Doc. 5 at 4 n.2 (citing *Horsley*, 304 F.3d at 1134).) Even if central to Mrs. Giles's claim, she disputes them.

Transamerica's Exhibit 1 is a "grace period notice" that purports to notify Mrs. Giles that her policy will lapse on January 13, 2009, unless the insurance company receives payment. (Doc. 5-1.) Mrs. Giles disputes the import of the "grace period notice," "question[ing] the Defendant's initial determination that the policy had insufficient funds to pay the policy premium at the time it allegedly lapsed on January 13, 2009." (Doc. 11 at 3.) Because the document references only Mrs. Giles's policy, the notice does not appear to be central to Mrs. Giles's claims that Transamerica failed to pay Mr. Giles's policy. Transamerica's Exhibit 2 is a lapse notice that purports to inform Mrs. Giles that her payment was not received, and her coverage was no longer in force as of January 2009. (Doc. 5-2.) Mrs. Giles disputes the accuracy of this notice and claims that her accounts had "more than enough money to cover any missed policy premium" at the time of the alleged lapse. (Doc. 11 at 4.) Transamerica's Exhibit 3 is a letter to Mr. Giles, informing him that his coverage was declined due to his medical history. (Doc. 5-3.) Mrs. Giles disputes the authenticity of this exhibit, and "questions whether this letter was ever sent" because it "has no letterhead" and is "unsigned so it is unclear who prepared the letter." (Doc. 11 at 4.) Transamerica's Exhibit 4 is an annual statement purportedly sent to Mr.

Giles for 2008 that does not list him as an insured under the policy. (Doc. 5-4.) But Mrs. Giles disputes that Mr. Giles was ever removed from the policy.

Mrs. Giles either disputes each of the exhibits in some manner or the documents are not central to her claims. As such, these documents cannot be considered in determining whether Mrs. Giles fails to state a claim for relief. Without these exhibits, Transamerica's motion to dismiss Count I merely disputes the underlying facts, not the sufficiency of the allegations. (*See* Doc. 5.) Transamerica's motion to dismiss Count I of the complaint is denied.

### B. Unjust Enrichment

To plausibly allege a claim for unjust enrichment, Mrs. Giles must allege facts to support the following: "(1) the plaintiff has conferred a benefit on the defendant; (2) the defendant voluntarily accepted and retained the benefit; and (3) the circumstances are such that it would be inequitable for the defendants to retain it without paying the value thereof." *Virgilio v. Ryland Grp., Inc.*, 680 F.3d 1329, 1337 (11th Cir. 2012). Like Count I, Mrs. Giles sufficiently alleges facts for Count II. She alleges that, if there is no valid contract for Mr. Giles's life insurance, Transamerica has been unjustly enriched by retaining the premiums she paid on his behalf. (Doc. 1-1 ¶¶ 20–23.) Mrs. Giles alleges that she "continued to pay the insurance premium[s], including the premium for Henry W. Giles, Sr." after Transamerica alleges Mr. Giles's policy lapsed. (Doc. 1-1 ¶ 21.) Mrs. Giles

alleges that Transamerica voluntarily accepted and retained these payments. (*See id.* ¶ 22.) Finally, Mrs. Giles alleges that it would be inequitable for Transamerica to keep the payments because it did "not provide such life insurance" in exchange for premium payments. (*Id.* ¶ 23.)

Transamerica argues that whether the defendant "retained the benefit for its own purposes" is "an essential element" of unjust enrichment and that Mrs. Giles fails to plead it. (Doc. 5 at 6.) As a factual matter, Transamerica contends that it is retaining the premium payments for Mrs. Giles's benefit rather than for its own purposes because Mrs. Giles had "the right to make additional payments," which "would be allocated by Transamerica to the Policy's accounts and accumulate for the owner's benefit." (*Id.* at 7.) That argument is, once again, inappropriate for the pleadings stage.

To the extent Transamerica is simply arguing that Mrs. Giles should have pleaded the above "essential element" and failed to do so, Transamerica has not identified any caselaw requiring that. The primary case Transamerica cites for this proposition is inapplicable here. In *BluestarExpo, Inc. v. Enis*, No. 21-20875, 2022 WL 4381120, *10 (S.D. Fla. Sept. 22, 2022) (Scola, J.), the district court merely clarified that "retain" could mean that the unjustly enriched party could transfer funds elsewhere rather than "retain[] them in perpetuity." The district court did not add an element to unjust enrichment under Florida law (nor could it).

8

The other case Transamerica cites for this argument merely explains Florida's direct benefit requirement. *See Hill v. Nationstar Mortg., LLC*, No. 1560106-CIV, 2015 WL 4478061, *4 (S.D. Fla. July 2, 2015) (Dimitrouleas, J.). Under Florida law, "to prevail on an unjust enrichment claim, the plaintiff must directly confer a benefit to the defendant." *Kopel v. Kopel*, 229 So.3d 812, 818 (Fla. 2017). But Florida courts have applied this rule to dismiss unjust enrichment claims only when the plaintiff made payments to a third party rather than the defendant. *See, e.g., CFLB P'ship, LLC v. Diamond Blue Int'l, Inc.*, No. 3D21-1335, 2022 WL 3903152, at *2 (Fla. 3d DCA 2022) (affirming trial court dismissal of unjust enrichment claim because plaintiff had "absolutely no relationship" with the defendant and therefore could not confer a direct benefit); *Peoples Nat'l Bank of Com. v. First Union Nat'l Bank of Fla., N.A.*, 667 So. 2d 876, 879 (3d DCA 1996) (upholding trial court's dismissal of unjust enrichment claim against third parties when plaintiff made payments to a bank and bank distributed payments to third parties). Here, Mrs. Giles alleges that she paid premiums directly to Transamerica. (Doc. 1-1 ¶ 21.) Thus, Mrs. Giles has sufficiently pleaded an unjust enrichment claim under Florida law, and Transamerica's arguments to the contrary are unavailing. Transamerica's motion to dismiss Count II is denied.

IV.   CONCLUSION

Mrs. Giles has adequately pleaded facts to make it plausible that she is entitled to relief. Accordingly, Transamerica's Motion to Dismiss (Doc. 5) is **DENIED**. By January 16, 2022, Transamerica shall answer the Complaint.

**ORDERED** in Tampa, Florida, on January 5, 2023.

*Kathryn Kimball Mizelle*

Kathryn Kimball Mizelle
United States District Judge